JOHN H. ABSHIRE, Plaintiff in Error, v. THE BOARD OF EDUCATION OF THE CITY OF CHILLICOTHE, Defendant in Error.

Kansas City Court of Appeals, June 15, 1885.

1. CASE ADJUDGED.—Suit against the Board of Education of Chillicothe, alleging that it is a corporation, pursuant to certain acts of the general assembly; that plaintiff is a resident of Livingston county, Mo., and of school district No. 1, in township 58, range 24, and that said school district adjoins the school district of Chillicothe incorporated as aforesaid; that plaintiff owns real estate in Chillicothe

(describing it) and that there was assessed against it for the year 1881 taxes for the support of the public schools within said city, the aggregate sum of forty-nine dollars and four cents ; that by section 7045 of the Revised Statutes, it is provided that the school board "may admit pupils not resident within the district and prescribe the tuition fee to be paid  *  *  *  *provided*, that when persons residing in one district are permitted to send to school in another district in which they pay a school tax, they shall have credit on the amount therein charged for tuition by the amount of tax they pay in such district for teachers' salaries, or current expenses." That plaintiff's·daughter has been and is now attending the public schools of Chillicothe, and she is now boarding within the limits of said city.   That said board of education has exacted and still demands the payment by plaintiff of one·dollar and fifty cents per month for the tuition of his said daughter ; that plaintiff has asked of defendant that said tuition be *credited* or deducted from the amount of his school taxes aforesaid, but said board refuses to give such credit or make such deduction.   Asks that court, by proper order, require board to give such credit, etc.   There was demurrer to the petition, which was sustained by the court below.   *Held*, that the case made by the petition presents the solecism of a suit by the complainant, alleging that an admitted creditor of his is demanding payment of his debt, but refuses to allow plaintiff a credit for a certain set-off he holds against defendant.   There is ,no precedent or authority for such an action.

Appeal from Livingston Circuit Court, Hon. James M. Davis, J.

*Affirmed.*

The facts are sufficiently stated in the opinion of the court.

·L. T. Collier, for plaintiff in error.

I.   The court erred in sustaining the demurrer to the petition and in rendering judgment for the defendant in error.   It is ordained by ˙section 1, article II, of the  constitution of  Missouri, as  follows:   "A general diffusion of knowledge  *  *  *  being essential to the preservation of the rights and liberties of the people, the general assembly shall maintain and establish free public schools, etc."   The public schools of Chillicothe constitute a part of the free public school system of the · state, and is so provided by the charter and *the general*

*law* of the state is in harmony with this provision of the charter. Sects. 7045, 7081, and sect. 7084, Rev. Stat. Mo. 1879.

II. The plaintiff in error residing in a school district adjoining that of Chillicothe, where he owns a large amount of real estate, and on which he pays taxes for the support of the public schools of Chillicothe, the board of education has no lawful right to refuse to credit the tuition of his daughter with the taxes so paid by him. The *proviso* in the general law, set up in the petition, applies to the public schools of Chillicothe as well as to the other public schools of the state. And if the provision of the charter of Chillicothe is inconsistent with the general law of the state on that subject, the special provision of the charter must yield to the general law. Dillon Mun. Corp., sect. 54.

III. The provisions in both the general and special acts as to the *admission* of non-resident pupils and the *payment of tuition* are substantially the same; but the general law has a *proviso* which relates to the *manner* in which the payment shall be made. This *proviso* is merely an *addition* to the general and special acts and repeals the provisions of neither.

IV. The *proviso* or addition in question, if considered applicable to our public schools does not alter, amend or repeal their charter. And under the general law, the public schools of Chillicothe receive their proper share of the school moneys distributed to the county in which they are situated.

C. H. MANSUR, for defendant in error.

I. The city of Chillicothe was first incorporated into a separate school district in 1865, and the act was amended in 1870 and 1871. The act is declared a public act and is pleaded by the plaintiff in his petition. Among the provisions of the act are these: "The general assembly may, at any time, alter, amend, or repeal this charter, but no law hereafter passed shall be considered as altering, changing, or repealing the whole or any part of this act, *unless this act be expressly men-*

*tioned in said law.* There is *no reference to this act* in chapter 150, entitled "of schools" in the revision of 1879, and the acts amendatory thereof; this fact alone will defeat the whole argument of plaintiff in error.

II. The only "extract" from the school charter, or the general law, specially pertinent to this case, is the last clause of section 14 of the charter, which is as follows : "Said board shall have power to restrict to said schools, pupils residing beyond the limits of said district and pupils not entitled to the privileges of the public schools under the laws of this state, *upon such terms and upon the payment of such tuition as they may prescribe.*" Here it is plain that the "they" or "board of education," are to prescribe *both terms and payment,* and not an after legislature, *unless it does* so by a direct amendment to our charter, or by a general law which shall name our charter and declare therein that the general law is made applicable to it. The *proviso* in the general law does *not* bind or apply to the public schools of Chillicothe, being in conflict with the provisions of the charter.

III. The claim that the *proviso* to the general law is merely *"an addition"* to the general and special acts is met by section 21 of the charter heretofore quoted, that is to say : "But no law hereafter passed shall be considered as *changing, altering* or repealing the whole *or any part of this act, unless* this act be *expressly mentioned* in said law."

IV. Repeals by implication are not favored and special laws conferring *particular rights* upon municipal corporations are held not to be repealed by subsequent statutes general in their character. Dill. Mun. Corp., sect. 54 ; *Ottawa v. Co.,* 12 Ill. 339 ; *State v. DeBar,* 58 Mo. 395 ; *State v. Clark,* 54 Mo. 17 ; *St. Louis v. Alexander,* 23 Mo. 483 ; *St. Louis v. Ins. Co.,* 47 Mo. 149 ; *Peter v. Renick,* 37 Mo. 597 ; *Mc Vey v. Mc Vey,* 51 Mo. 406 ; *St. Louis v. Life Ass'n,* 53 Mo. 566.

V. Each and every provision of the charter *within* the limits of *Chillicothe* is supreme and paramount,

and as to *all other parts* of the state, the general law is supreme and paramount.    See Sedgwick Stat. & Const. Law 123.

Opinion by PHILIPS, P. J.

The petition in this case is as follows :    "Plaintiff states that the defendant herein is a corporation created and organized under the name and style of 'The Board of Education of the City of Chillicothe,' pursuant to an act of the general assembly of the state of Missouri, entitled, 'An act to amend an act to establish and regulate free public schools in the city of Chillicothe, approved February 15, 1865, and acts amendatory thereto.'    Approved March 12, 1870, and also, February 20th, 1871.

"Plaintiff states that he is a resident of Livingston county, Missouri, and of school district number one (1), in township fifty-eight (58), range twenty-four (24). That said school district number one (1), adjoins the school district of Chillicothe incorporated as aforesaid. Plaintiff further states that he owns, and has for a long time past, owned real estate situate in the said city of Chillicothe, described as follows."    (Here follows a description of the property).

"That there was assessed against said real estate for the year 1881, taxes for the support of the public schools within and for the said city of Chillicothe, under the exclusive charge and control of the defendant herein, and upon its recommendation, the aggregate sum of forty-nine dollars and four cents ($49.04).    That by section 7045 and page 1387 of the second volume of the Revised Statutes of this state, it is among other things provided, that the school board 'may admit pupils not resident within the district and prescribe the tuition fee to be paid by the same ; provided, that when persons residing in one district are permitted to send to school in another district in which they pay a school tax, they shall have credit on the amount charged therein for tuition by the amount of tax they pay in such district for teachers' salaries or

current expenses.' Plaintiff further states that his daughter, Lena, of the proper school age, has been and is now attending the public schools of the said city of Chillicothe, and that she has been during the time she has so attended, and is now, boarding or residing within the limits of said city. That the said board of education has exacted and still demands the payment by plaintiff of the sum of one dollar and fifty cents per month for the tuition of his said daughter. That plaintiff has during the present term of said public schools in said city, asked and demanded of defendant herein that the said tuition for his daughter be credited or deducted from the amount of his school taxes, so assessed against his said real estate in said city, but that said board of education has refused and still refuses to give such credit or to make such deduction.

"Wherefore, plaintiff asks that this court shall, by proper order, require the said board of education and defendant herein, to give such credit and make such deduction pursuant to the statute as above recited, and for such other and further relief as the circumstances of the case may require."

To this petition the defendant interposed the following demurrer: "Now comes the defendant and files demurrer to the petition of plaintiff, and assigns as cause therefor: (1) That it does not state facts sufficient to constitute a cause of action. (2) Admitting the truth of every fact alleged, still all of them together do not operate to give or entitle plaintiff to any affirmative relief against this defendant."

The court sustained the demurrer; and the plaintiff electing to stand on the sufficiency of the petition, has brought the case here on writ of error.

The question discussed by counsel at bar and in their briefs most elaborately and ably, is, whether the provision of the general statute, allowing the non-resident taxpayer who sends his child to a district school, other than that in which he lives, applies to the provisions of the special charter of the city of Chillicothe, so as to entitle him to have the amount of taxes paid by him on

property situate within the city limits credited on the charges by the school board for tuition.

But we are unable to see that such question is properly presented here for determination. This petition is peculiar. It is difficult to determine precisely its character, and what relief could be granted responsive to its averments. Is it an action at law? If so, it is certainly *sui generis*. It asks for no judgment for damages arising either *ex contractu* or *ex delicto*.

It does not appear, in so many words, that the plaintiff has ever paid the defendant any sum of money on account of tuition for his daughter, which he could recover back.

The only averment, from which such payment could possibly be inferred, is, that defendant "has exacted the payment of the sum of one dollar and a half per month." It does not state how much this exaction has amounted to except it be the one dollar and a half. If plaintiff has thus paid any tuition, this is not a suit to recover it back; and if it were, there is no averment which would entitle him to a judgment therefor. It is not averred that it was paid under duress or by mistake.

Admitting, for the sake of the argument, that if plaintiff has paid such tuition and that he ought to be allowed a credit by the defendant, on any future or existing tuition owing by him, for the amount of the taxes he has paid in said city, how can that fact give him a cause of action in the form here adopted? The only basis of action, either at law or in equity, disclosed by the petition is, that the defendant "demands the payment by plaintiff of the sum of one dollar and fifty cents per month for the tuition of his daughter." How does it demand it? It is not stated that defendant has sued him for the tuition. And if it had so averred, his clear remedy for relief would be to interpose any lawful defence he might have against the demand. If he is not sued therefor, this action presents the solecism of a suit by the complainant, alleging that an admitted creditor of his is demanding payment of his debt, but

refuses to allow plaintiff a credit for a certain set-off he holds against defendant. We know of no precedent or authority for such an action. The plaintiff could not maintain mandamus against the school board, for the plain reason that he has an adequate remedy at law. If he owes the board tuition for the schooling of his daughter, and the board should refuse to allow him as a credit thereon taxes, which he is entitled to have set off against the claim, he need not pay the tuition, unless the board give him the proper credit. Or he could, after deducting what the board should credit him with, make tender of the balance due. And if the amount of his taxes paid exceeded the sum due for tuition, he could protect himself by not responding to or heeding the demand of the board.

No definite sum is stated as having been paid by plaintiff as tuition, on which any order we might make could operate. At all events we know of no warrant in the books for this action. If it be essential to have a judicial construction of the provisions of the charter of the city of Chillicothe, in the particular sought by this action, the question should be presented in such form as to make its determination necessary, and, therefore, binding. In the administration of law, as well as in other affairs of life, there is infinite wisdom in the divine aphorism: "Sufficient unto the day is the evil thereof." The demurrer was well taken, as the petition, in our opinion, does not state facts sufficient to constitute a cause of action.

The judgment of the circuit court must, therefore, be affirmed. All concur.